GRIMES, Acting Chief Judge.
In this appeal from a conviction for possession of a controlled substance, appellant contends that the court should have quashed the inventory search of a motor vehicle because it was the result of an illegal impoundment.
An FBI agent and Polk County deputies sought to arrest appellant pursuant to a warrant for unlawful flight to avoid prosecution. When they arrived at appellant’s rented house trailer, they saw him looking into the trunk of an automobile parked behind the trailer. When he closed the trunk, they announced their presence, placed him under arrest, and after questioning him briefly at the trailer site, took him to jail. Immediately thereafter, the car, which was registered in the name of Thomas McConnell Cadillac of Cincinnati, Ohio, was driven to the front of the trailer and impounded. The inventory search which followed disclosed the two vials containing a residue of cocaine that later formed the basis for appellant’s conviction.
In Miller v. State, 403 So.2d 1307 (Fla.1981), the Supreme Court held that police may impound a vehicle only when there is a need for the impoundment and the police are not using the impoundment to justify an inventory search as a subterfuge for the warrantless search for incriminating evidence. Thus, necessary impoundments include those where there is
(1) an unattended car illegally parked or otherwise illegally obstructing traffic, ... (2) an unattended car at the scene of an accident where the driver is physically or mentally incapable of deciding what steps to take to deal with his vehicle such *374 as might occur when the driver is seriously injured, mentally incapacitated, or severely intoxicated; (3) an abandoned vehicle; (4) a mechanically defective vehicle which, if driven, could menace others on the public highway; (5) a vehicle identified as stolen.
At 1313.
Obviously, examples (2), (3) and (4) are inapplicable to the present case. Also, example (1) does not apply here because appellant had parked the car next to the trailer with the permission of his lessor. The state seeks to justify the impoundment under example (5) on the premise that the car had probably been stolen. As one officer put it, no one at the scene would claim ownership of the vehicle. Yet, the officers never asked appellant or his girlfriend, who was in the trailer at the time of the arrest, anything about the ownership of the car. Without discussing their intentions with anyone, they simply proceeded to impound the car and conduct the search. The mere fact that a fugitive from justice had in his possession a car titled in another name, without more, did not provide a sufficient basis to conclude that the car was stolen. With the sophisticated data retrieval systems at the disposal of law enforcement officials today, it would have been a simple matter to determine whether the automobile had been reported stolen.
Since there was no legal ground upon which the officers could impound the automobile, the inventory search was illegal. Miller v. State.
REVERSED.
OTT and RYDER, JJ., concur.